**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin Glass,           ) | No. CV 06-671-PHX-MHM |
|                        ) | |
| Plaintiff,        ) | **ORDER** |
|                        ) | |
| vs.                    ) | |
|                        ) | |
| Intel Corporation, et al., ) | |
|                        ) | |
| Defendants.       ) | |
|                        ) | |

Presently pending before the Court is Defendants' Renewed Motion for Summary Judgment and Motion for Continuance of Trial Date (Doc. 75). Plaintiff has filed a Response (Doc. 86) and Defendants have filed a Reply (Doc. 93). Defendants also have filed a Supplemental Citation of Authorities in Support of Defendants' Renewed Motion for Summary Judgment (Doc. 104). Plaintiff has filed a Notice of Motion and Motion for Consolidation of Action under Rule 42, Fed.R.Civ.P. (Doc. 101) to which Defendants have filed a Response (Doc. 103). Finally, Defendants have filed a Motion in Limine to Preclude Testimony Regarding Dismissed Claims (Doc. 97). The Court considers the papers submitted and issues the following Order.

BACKGROUND

Plaintiff, Kevin Glass, filed a Complaint for injunctive relief and damages against Intel Corporation ("Intel") on December 22, 2003 in the Central District of California.

Plaintiff asserted several causes of action including a claim for employment retaliation for having opposed allegedly discriminatory practices under the Americans with Disabilities Act ("ADA") and the Age Discrimination in Employment Act ("ADEA"). While the case was pending in California, Defendants sought summary judgment, which the California court granted as to all claims except Plaintiff's retaliation claim. In the court's ruling, it found that there was a genuine issue of material fact as to whether Plaintiff's immediate supervisor Malcolm Smith issued a mid-year performance update in retaliation for Plaintiff having filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

Defendants then requested and were granted a change of venue to the District of Arizona. Defendants now seek Renewed Summary Judgment as to Plaintiff's retaliation claim. Defendants assert that the recent Supreme Court decision of Burlington Northern & Santa Fe Railway Co. v. White, 126 S.Ct. 2405 (2006), warrants this Court's reconsideration of the Central District of California's summary judgment order. Because Defendants already sought summary judgment on Plaintiff's retaliation claim when the case was pending in the Central District of California, this Court interprets Defendants' Renewed Motion as a Motion for Reconsideration of the Central District of California's Order granting in part and denying in part Defendants' Motion for Summary Judgment.

On May 8, 2006, Plaintiff filed a second lawsuit against Intel based on similar issues under the ADA. Since that time, Plaintiff has filed a Notice of Motion and Motion for Consolidation of Actions under F.R.C.P., Rule 42.

/////

/////

## DISCUSSION

- 2 -

I.  RENEWED MOTION FOR SUMMARY JUDGMENT / MOTION FOR RECONSIDERATION

    A.  LEGAL STANDARD

Defendants did not file their Motion within ten days of the original summary judgment order, therefore, the Court considers Defendants' Motion under Fed.R.Civ.P. 60(b) seeking relief from judgment or order. Rule 60(b) provides in relevant part as follows:

> On motion and upon such terms as are just, the Court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of judgment.

Fed.R.Civ.P. 60(b). Motions for reconsideration are not the place for parties to make new arguments not raised in their original briefs. See Collins v. D.R. Horton, Inc., 252 F.Supp.2d 936, 938 (D. Ariz. 2003) (citing Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir. 1988). Nor is it the time to ask the court to rethink what it has already thought. Id. (citing United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D.Ariz. 1998). Accordingly, courts grant such motions only in rare circumstances. See Sullivan v. Faras-RLS Group, Ltd., 795 F.Supp. 305, 308-09 (D.Ariz. 1992).

    B.  ANALYSIS

Plaintiff asserts that Defendants' Renewed Motion for Summary Judgment is an untimely and improper Motion for Reconsideration. Plaintiff argues that Defendants' Motion does not fit within any of the six provisions in Rule 60(b), Fed.R.Civ.P. However, 60(b)(5) provides for relief from a judgment or order due to changed circumstances, including a change in legislative or decisional law. Thus, in order to obtain modification of the Central

1 District of California's summary judgment ruling under Rule 60(b)(5), Defendants must
2 show that a significant change in the facts or the law warrants revision of the original order.
3 Defendants have asserted that <u>Burlington Northern & Santa Fe Railway Co. v. White</u>, 126
4 S.Ct. 2405 (2006), effects the outcome of Plaintiff's retaliation claim on summary judgment.
5 Accordingly, the Court finds it appropriate to consider Defendants' Motion.  Plaintiff also
6 asserts that it is inappropriate for this Court to reconsider the ruling from the Central District
7 of California because the ruling came from a different court and because Defendants chose
8 to remove the case to this Court.

9       Due to the subsequent change of venue, it is not possible for the original court to hear
10 the instant Motion.  Though this Court finds it inappropriate to reconsider or second-guess
11 another court's ruling, it still finds that reconsideration under the new Supreme Court case
12 is warranted.  Thus, this Court's consideration of the issue will be narrow and will only
13 extend to how the new Supreme Court case of <u>Burlington Northern & Santa Fe Railway Co.</u>
14 <u>v. White</u>, 126 S.Ct. 2405 (2006), may effect summary judgment of Plaintiff's retaliation
15 claim.

16       To establish a *prima facie* case of retaliation, a plaintiff must show the following: (1)
17 that he engaged in a protected activity, (2) that he suffered an adverse employment decision,
18 and (3) that there was a causal link between the protected activity and the adverse
19 employment decision.  <u>Villiarimo v. Aloha Island Air, Inc.</u>, 281 F.3d 1054, 1064 (9th Cir.
20 2000) (citing <u>Yartzoff v. Thomas</u>, 809 F.2d 1371, 1375 (9th Cir. 1987)); <u>see also</u> <u>Chaboya v.</u>
21 <u>Am. Nat'l Red Cross</u>, 72 F. Supp. 2d 1081, 1093 (D. Ariz. 1999).  The recent Supreme Court
22 decision of <u>Burlington Northern</u> requires a plaintiff to show "that a reasonable employee
23 would have found the challenged action materially adverse. . . ."  <u>Burlington Northern</u>, 126
24 S.Ct. at 2415.  Materially adverse actions are actions that would "dissuade[] a reasonable
25 worker from making or supporting a charge of discrimination."  <u>Id.</u>  The Court emphasized
26 that "trivial harms" do not rise to the level of actionable retaliation.  <u>Id.</u> at 2414.  Individuals

27
28 - 4 -

1  are not statutorily protected from all retaliation, rather, individuals are protected "from
2  retaliation that produces an injury or harm." Id.

3   The court in the Central District of California found that Plaintiff had asserted
4  sufficient facts in his Complaint to show a genuine issue of material fact exists to overcome
5  summary judgment with regard to his retaliation claim. This Court will not second-guess the
6  Central District of California court's decision. This Court must consider only whether
7  Plaintiff has asserted that he was subjected to what a reasonable employee would have
8  considered as a materially adverse action sufficient to preclude summary judgment.

9   Defendants assert that Plaintiff's negative performance evaluations were not adverse
10 employment actions and, therefore, Plaintiff has not met the "materially adverse"
11 requirement under Burlington Northern. Plaintiff, on the other hand, asserts that in 2000, he
12 received a "very negative evaluation" that had been placed in his personnel file while he was
13 out on medical leave. Plaintiff also asserts that it is a violation of Intel rules to rank and rate
14 an employee while he is out on leave medical leave. Plaintiff claims that, according to Intel
15 rules, if an employee is reviewed while out on leave, the employee is to receive a raise.
16 Plaintiff states that when he returned from medical leave, he returned to a different position
17 at the company but received the same salary and did not receive a raise, in violation of the
18 company rules. This example alone is sufficiently adverse such that a reasonable person
19 would have found the action materially adverse.

20   In further support of its position, Defendants filed a Supplemental Citation of
21 Authorities in Support of Defendants' Renewed Motion for Summary Judgment. In its
22 Supplemental Citation of Authorities, Defendants provide three recently-decided cases that
23 use the new Burlington Northern test and find that the plaintiffs in those cases have not
24 shown "a materially adverse employment action" actionable under Burlington Northern
25 because the action "would not materially dissuade a reasonable employee from bringing a
26 charge of discrimination." See DeHart v. Baker Hughes Oilfield Operations, Inc. 214 Fed.
27 Appx. 437 (5th Cir. 2007); Toulan v. DAP Products, Inc., 2007 WL 172522 (D.Md. Jan. 17,
28

1  2007); Owusu v. Hartford Financial Services Group, Inc., 2006 WL 3500884 (D.Conn. Nov.
2  28 2006).

3  None of the cases Defendants have cited are from the Ninth Circuit. Moreover,
4  Defendants fail to cite the Ninth Circuit case of Freitag v. Ayers, 468 F.3d 528, 542 n.7 (9th
5  Cir. 2006), in which the Ninth Circuit concluded that a jury instruction stating that an adverse
6  action "is defined as any action that is reasonably likely to deter the plaintiff or others from
7  engaging in protected activity" was harmless, even in light of Burlington Northern, because
8  the jury instruction, as given, would have led the jury to consider whether any action was
9  materially adverse by a reasonable employee. In light of Freitag, the Court is not persuaded
10 that Burlington Northern presents as significant a change to the retaliation test as Defendants
11 have asserted.

12 In their Reply, Defendants also argue that Plaintiff agreed in the Joint Proposed
13 Pretrial Order to limit the scope of his retaliation claim only to retaliation Plaintiff
14 experienced in a November 2003 performance message and that this characterization is
15 binding.

16 There are two problems with Defendants' argument. First, the Court never adopted
17 the parties' Joint Proposed Pretrial Order as the order of the Court because the Court
18 continued the trial shortly after the parties filed the joint proposed pretrial order. Thus, the
19 parties' Joint Proposed Pretrial Order is not a binding order.

20 Second, Defendants have asserted this argument for the first time in their Reply.
21 Arguments raised for the first time in a reply are generally not considered because to do so
22 may unfairly deprive the opposing party of the opportunity to make a meaningful response.
23 See, e.g., Pacific Coast Federation of Fisherman's Ass'n. v. U.S. Bureau of Reclamation, 138
24 F.Supp.2d 1228, 1248, n.17 (N.D. Cal. 2001). The Court therefore has not considered
25 Defendants' argument regarding an assertion in the joint proposed pretrial order.

26

27

28
- 6 -

Defendants have not demonstrated that this Court should revise the Central District of California's summary judgment ruling. Accordingly, Defendants' Renewed Motion for Summary Judgment is denied.

II.     MOTION TO CONSOLIDATE

   A.     LEGAL STANDARD

Plaintiff has filed a Motion to Consolidate the instant case with <u>Glass v. Intel Corporation</u>, No. CV 06-1404 PHX-MHM. Plaintiff asserts that consolidation is appropriate based on the similar issues presented in both matters and in the interest of judicial efficiency.

Rule 42(a), Fed.R.Civ.P., provides that:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

All claims and issues sharing common aspects of law or fact may be consolidated to avoid unnecessary cost or delay. Fed.R.Civ.P. 42(a). Consolidation is inappropriate, however, if it leads to inefficiency, inconvenience, or unfair prejudice to a party. Fed.R.Civ.P. 42(b).

   B.     ANALYSIS

Plaintiff asserts that the two cases at issue here have a common question of law, that being whether Defendants discriminated and retaliated against Plaintiff in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* Though commonality between the cases may exist, the Court, nevertheless, finds it inappropriate to consolidate the two cases because of the distinct postures the cases are in. Defendants oppose consolidation due to the varying stages the two cases are in.

In this case, consolidation may likely lead to unreasonable delay in this action, seeing as this case is poised to proceed to trial, whereas case CV-06-1404, is at the initial stages of litigation. <u>See</u> Charles Alan Wright & Arthur R. Miller, 9 Federal Practice and Procedure § 2383 (2006) ("[A] motion under Rule 42(a) may be denied . . . if consolidation will cause

- 7 -

1  delay in the processing of one or more of the individual cases" or "when one of the actions
2  has proceeded further in the discovery process than the other."). Accordingly, Plaintiff's
3  Motion to Consolidate is denied.

4  III.  MOTION IN LIMINE

5  Defendants have filed a Motion in Limine to Preclude Testimony Regarding
6  Dismissed Claims. Defendants assert that the only remaining claim is Plaintiff's retaliation
7  claim and that Plaintiff should not be permitted to elicit testimony and present evidence
8  supporting his claims that have been dismissed.

9  Rule 403 of the Federal Rules of Evidence states as follows:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

13  Defendants cite the Joint Proposed Pretrial Order as binding and limiting the scope
14  of the claim. However, as stated above, Defendants fail to recognize that the Joint Proposed
15  Pretrial Order was never adopted as the order of the Court and, therefore, is not binding.
16  Moreover, in its Motion in Limine, Defendants state that Plaintiff's Declaration in
17  Opposition to the Motion for Summary Judgment lists more than a hundred alleged facts,
18  "most, if not all, of which are completely irrelevant to the current claim." Def.s' Motion in
19  Limine at 3. However, Defendants do not specifically state nor provide examples of the
20  evidence Plaintiff has cited that Defendants seek to exclude as irrelevant. Without more, the
21  Court is not inclined to grant Defendants' Motion in Limine. Accordingly, Defendants'
22  Motion in Limine is denied without prejudice to be reasserted with greater specificity.

CONCLUSION

For the foregoing reasons,

IT IS ORDERED that Defendants' Renewed Motion for Summary Judgment (Doc. 75) is denied.

- 8 -

IT IS FURTHER ORDERED that Defendants' Motion to Supplement Citation of Authorities in Support of Defendants' Renewed Motion for Summary Judgment (Doc. 104) is granted.

IT IS FURTHER ORDERED that Plaintiff's Motion to Consolidate Cases (Doc. 101) is denied.

IT IS FURTHER ORDERED that Defendants' Motion in Limine to Preclude Testimony Regarding Dismissed Claims (Doc. 97) is denied without prejudice.

IT IS FURTHER ORDERED setting this case for a Status Hearing on September 10, 2007 at 3:30 p.m.

DATED this 3rd day of August, 2007.

Mary H. Murguia
United States District Judge

- 9 -